ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2013 FEB -7 AM 10: 26

CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| ROBERT HEARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 113-017 |
| | ) | |
| U.S. DISTRICT COURTS, Northern, | ) | |
| Southern, Middle Districts of Ga; and D.C. | ) | |
| CIRCUIT,[1] | ) | |
| | ) | |
| Defendants. | ) | |

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Plaintiff, an inmate presently incarcerated at Valdosta State Prison in Valdosta,

Georgia, seeks to proceed *in forma pauperis* ("IFP") in this action filed pursuant to 42 U.S.C.

§ 1983.[2] For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that

Plaintiff's requests to proceed IFP be **DENIED** (doc. nos. 2, 3),[3] and that this action be

**DISMISSED** without prejudice.

---

[1] The Clerk is **DIRECTED** to modify the list of Defendants in this case to reflect the caption of this Order.

[2] Although Plaintiff is currently incarcerated at Valdosta State Prison, his claims appear – as indicated by the caption – to concern the federal court system in Georgia at large, including the Southern District, as well as the D.C. Circuit.

[3] On February 1, 2013, Plaintiff submitted a second motion to proceed IFP in this case. (Doc. no. 3.) The second motion is dated January 23, 2013, one day after the first motion.

## I. BACKGROUND

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.[4]

The Eleventh Circuit concluded that § 1915(g) does not violate an inmate's right to access to the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Accordingly, the court upheld the constitutionality of § 1915(g). Rivera v. Allin, 144 F.3d 719, 721-27 (11th Cir. 1998), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).

## II. DISCUSSION

### A. Prior Filing History

A review of Plaintiff's history of filings reveals that he has brought at least three cases that were dismissed for being frivolous or malicious or for failing to state a claim upon which relief may be granted: (1) Heard v. Wetherington, CV 102-2944 (N.D. Ga. Dec. 5, 2002) (dismissing case as frivolous on initial screening); (2) Heard v. Ga. State Prison, CV

---

[4]The Eleventh Circuit noted that "[t]his provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).

601-115 (S.D. Ga. Jan. 3, 2002) (dismissing case for failure to exhaust administrative remedies[5]); and (3) Heard v. Hall, CV 600-105 (S.D. Ga. Mar. 15, 2001) (dismissing case on initial screening for failure to state a claim).[6] As Plaintiff filed a complaint that was dismissed for being frivolous or for failing to state a claim in each of the cases cited above, these previously dismissed cases and appeal qualify as strikes under § 1915(g). As Plaintiff has at least three strikes under § 1915(g), he cannot proceed IFP in the present case unless he can demonstrate that he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g).

### B.    Plaintiff Does Not Qualify for the "Imminent Danger" Exception

In order to come within the imminent danger exception, a prisoner must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). However, in spite of Plaintiff's repeated assertions otherwise, nothing in Plaintiff's complaint supports a finding of imminent danger of serious physical injury at the time Plaintiff commenced this case. In his complaint, Plaintiff appears to level conspiratorial accusations at the federal court system as a whole, asserting in particular that he has been

---

[5]The Eleventh Circuit has held that "a claim that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted." Rivera v. Allin, 144 F.3d at 731.

[6]While the Court need not delve into the extent of Plaintiff's status as a serial filer, a cursory review of his litigation history reveals that he has commenced well over 100 cases and appeals in federal courts throughout Georgia, the majority of which were prison condition cases dismissed under the three-strike provision of § 1915(g). See, e.g., Heard v. Deal, 1:11-CV-0954 (N.D. Ga. Mar. 31, 2011) (dismissing case pursuant to § 1915(g) and collecting Plaintiff's previous cases).

continually denied access to the courts due to the three strikes provision of § 1915(g), that the courts themselves are putting his safety at risk, that the grievance system is illegal and corrupt, and that his complaints are not being properly screened.  (See generally doc. no. 1, pp. 3-8.)  As to imminent danger, the only specific facts that Plaintiff alleges are, first, that he is forced to eat raw peanut butter due to his "lower right side gums stay[ing] swollen most of the time" (id. at 4), and second, that he was stabbed by "Daniels" outside of his cell sometime during 2012 (id. at 4-5).  Plaintiff additionally asserts, without further elaboration, that he has been "diagnosed as needing treatment."  (Id. at 7.)

In short, none of the specific facts alleged in the complaint suggest that Plaintiff was in imminent danger at the time he commenced this case.  Plaintiff does not explain how his swollen gums indicate the possibility of any danger of future injury, and in fact concedes that "the dentist says there is nothing wrong" with his gums.  (Id. at 4.)  As to the alleged stabbing, Plaintiff does not provide any clear or non-conclusory indication that he was in danger of being subjected to future incidents of a similar nature at the time the filed his complaint.[7]  Finally, Plaintiff does not explain the nature of his supposed diagnosis or the treatment that he believes he needs, lending no support whatsoever to his assertion of imminent danger.  Cf. Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004) (finding imminent danger of serious injury where the plaintiff alleged severe complications resulting from a complete withdrawal of treatment for his HIV and hepatitis).  Notwithstanding his

---

[7] If Plaintiff's intent is to attempt to bring claims against the parties allegedly involved in the stabbing, he must re-file his complaint in the proper District.  Although it is unclear from Plaintiff's complaint, the Court presumes that Plaintiff alleges the stabbing to have taken place at his current place of incarceration, which is Valdosta State Prison, located in the Middle District of Georgia.

baseless repetition of the imminent danger exception as grounds for consideration of his complaint, Plaintiff's attempted claims simply do not qualify for that exception.

### C.    Dishonesty in Complaint

Moreover, the form complaint Plaintiff used to commence this case, "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983," requires that prisoner plaintiffs disclose under penalty of perjury whether they have brought other federal lawsuits while incarcerated, as well as certain information regarding any previous cases.[8] (Doc. no. 1, p. 1.) In this portion of his complaint, Plaintiff listed one previous case that he filed in the Northern District of Georgia. (Id.)

However, as noted above, Plaintiff has a filing history that places him in the top tier of abusive, serial filers. See Part II.A. As a substantive example of that history, the Court notes that, on March 3, 2011, Plaintiff was provided a list of at least twelve prior cases he had filed when the Honorable Charles A. Pannell, Jr., United States District Judge, collected a non-exhaustive list of prior cases that Plaintiff had filed that were dismissed prior to service of process. See Heard v. Deal, 1:11-CV-0954, doc. no. 3, pp. 1-2 (N.D. Ga. Mar. 31, 2011). Notably, since that time, Plaintiff has filed at least two cases in the Southern District alone, each of which were dismissed pursuant to the three strikes clause. See Heard v. Tanner, CV 311-082 (S.D. Ga. Oct. 27, 2011); Heard v. Tanner, CV 311-099 (S.D. Ga. Jan. 11, 2012).

The Eleventh Circuit has indicated its approval of dismissing a case based on dishonesty in a complaint. In Rivera, the Court of Appeals reviewed a prisoner plaintiff's

---

[8]The form also states, "If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline." (Doc. no. 1, p. 1.)

filing history for the purpose of determining whether prior cases counted as "strikes" under

the PLRA and stated:

> The district court's dismissal without prejudice in <u>Parker</u> is equally, if not more, strike-worthy. In that case, the court found that Rivera had lied under penalty of perjury about the existence of a prior lawsuit, <u>Arocho</u>. As a sanction, the court dismissed the action without prejudice, finding that Rivera "abuse[d] the judicial process[.]"

<u>Rivera</u>, 144 F.3d at 731, *abrogated on other grounds by* <u>Jones v. Bock</u>, 549 U.S. 199 (2007)

(citations omitted); <u>see also</u> <u>Young v. Sec'y Fla. Dep't of Corrs.</u>, 380 F. App'x 939, 940-41

(11th Cir. 2011) (*per curiam*) (affirming dismissal under inherent power of federal courts

based on a plaintiff's failure to disclose prior cases on the court's complaint form).[9]

All told, Plaintiff has accumulated at least three strikes against him and cannot satisfy

---

[9]The court in <u>Parker</u> thoughtfully ruled as follows:

> The sophistication of [p]laintiff's substantive arguments and his knowledge of the procedural rules convince this Court that [p]laintiff <u>understands</u> the severity of not revealing the truth to the Court. This Court has the authority to control and manage matters such as this pending before it. This Court firmly believes that [p]laintiff must be forced to conform to acceptable standards in approaching this Court.

> This Court will not tolerate false responses and/or statements in any pleading or motion filed for consideration by the Court. If the Court cannot rely on the statements and/or responses made, it threatens the quality of justice. Here [p]laintiff has falsely responded [by denying the existence of prior lawsuits] to Question (B) in Section IV, entitled "Previous Lawsuits."

> Therefore, this Court is of the opinion that an appropriate sanction is to dismiss this case <u>without</u> <u>prejudice</u> and warn [p]laintiff that such false responses, filed herein or filed in the future, will not be tolerated and may result in more severe and long-term sanctions in the future. For now, this case will be dismissed for [p]laintiff's abuse of the judicial process in not providing the Court with true factual statements and/or responses that can be relied on to bring his case to an expeditious closure.

<u>Rivera v. Parker</u>, CV 396-325, doc. no. 4 (M.D. Fla. May 2, 1996).

6

the dictates of the "imminent danger" exception of § 1915(g); thus, he fails to demonstrate that he should be excused from paying the full filing fee. Furthermore, even if Plaintiff were allowed to proceed IFP, the above-captioned case would still be subject to a recommendation of dismissal as a sanction because he has abused the judicial process by providing dishonest information about his filing history.[10]

## III.    CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's requests to proceed IFP be **DENIED** (doc. nos. 2, 3), and that this action be **DISMISSED** without prejudice. If Plaintiff wishes to proceed with this civil action, he must submit a new complaint, along with the full filing fee. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (*per curiam*).

SO REPORTED and RECOMMENDED this 7th day of February, 2013, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[10]The practice of dismissing a case as a sanction for providing false information about prior filing history is well established in the Southern District of Georgia, as well as the Eleventh Circuit. See, e.g., Brown v. Wright, CV 111-044 (S.D. Ga. June 17, 2011); Hood v. Tompkins, CV 605-094 (S.D. Ga. Oct. 31, 2005), *aff'd*, 197 F. App'x 818 (11th Cir. 2006); Harris v. Ci, No. 11-14690, 2012 WL 5907451 (11th Cir. 2012); Jackson v. Fla. Dep't of Corr., No. 11-16047, 2012 WL 4711583 (11th Cir. 2012); Shelton v. Rohrs, 406 F. App'x 340 (11th Cir. 2010).